J-S41043-23

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IAN ROBINSON | : | |
| | : | |
| Appellant | : | No. 382 WDA 2023 |

Appeal from the PCRA Order Entered March 7, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014962-1992,
CP-02-CR-0015602-1992

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED: December 1, 2023**

Ian Robinson appeals **pro se** from the March 7, 2023 order dismissing his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

A detailed recitation of the factual background of this case is not pertinent to our disposition and need not be reiterated here.  The PCRA court summarized the relevant procedural history of this case as follows:

> On June 29, 1994, at the conclusion of a trial before the Honorable David S. Cercone, [Appellant] was convicted of murder in the first degree at CP-02-CR-14962-1992, and at CP-02-CR-15602-1992, Appellant was convicted of aggravated assault, recklessly endangering another person (REAP), and firearms not to be carried without a license.[fn] Appellant was sentenced to life imprisonment plus

_____

[*] Former Justice specially assigned to the Superior Court.

11.5 to 25 years in the aggregate. The Superior Court of Pennsylvania affirmed the Court's judgment of sentence on March 11, 1996, and Appellant's Petition for Leave to File Allocatur ***Nunc Pro Tunc*** was denied on May 9, 1996.

On December 31, 1996, Appellant filed his first PCRA petition. [Judge] Cercone ultimately dismissed the PCRA petition on September 26, 1997, and the Superior Court of Pennsylvania affirmed the dismissal on April 5, 1999. Appellant filed a Petition for Allowance of Appeal which the Supreme Court of Pennsylvania denied on August 12, 1999. In addition, Appellant filed a federal Petition for Writ of Mandamus on May 13, 1998, which was dismissed on July 21, 1999.

Appellant filed his second PCRA on January 7, 2000. On February 29, 2000, [Judge] Cercone dismissed the PCRA Petition. Appellant's appeal was dismissed on May 2, 2001 for failure to file a brief. Appellant filed a third PCRA on May 2, 2002, which was dismissed on July 15, 2002. No appeal followed the dismissal of the PCRA Petition. A fourth and fifth PCRA Petition were each dismissed, and two additional federal ***habeas*** petitions were denied.

On March 7, 2023, [the PCRA court] dismissed Appellant's 6th PCRA Petition as untimely. Appellant filed a notice of appeal on April 10, 2022, and a [Pa.R.A.P. 1925(b) statement] on April 25, 2023. [The PCRA court filed its Rule 1925(a) opinion on June 5, 2023.]

_____

[fn] 18 Pa.C.S.A. §§ 2501, 2702(a)(1), 2705, and 6106, respectively.

Trial court opinion, 6/5/23 at 2-3 (extraneous capitalization omitted; footnote in original).

Preliminarily, we recognize that Appellant has filed a single *pro se* notice of appeal that lists both trial court docket numbers, implicating *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). In *Walker,* our supreme court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 971, 976-977.

However, courts in this Commonwealth have carved out several exceptions to the bright-line rule articulated in *Walker*. For example, in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019), *appeal denied*, 235 A.3d 1073 (Pa. 2020), this Court concluded that a breakdown occurs when a court misadvises defendants of their appellate rights by advising them that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers. *Id.* at 160; *see also Commonwealth v. Larkin*, 235 A.3d 350, 352-354 (Pa.Super. 2020) (*en banc*) (reaffirming *Stansbury*), *appeal denied*, 251 A.3d 773 (Pa. 2021).

Here, the PCRA court's March 7, 2023 order denying Appellant's serial PCRA petition listed both trial court docket numbers in the caption, implying that only a single notice of appeal need be filed. Coupled with the fact that the PCRA court failed to advise *pro se* Appellant of the need to file separate notice of appeals for each docket number, we conclude that this matter

involved a breakdown pursuant to **Stansbury**, and that quashal is not warranted. Accordingly, we turn to the merits of Appellant's appeal.

Appellant raises the following issues for our review:

> 1. Whether the PCRA Court committed reversible error in finding Appellant's PCRA Petition untimely?
>
> 2. Whether the PCRA Court committed reversible error by failing to address the merits of Appellant's **Brady**[1] claim, in violation of the Fourteenth Amendment to the United States Constitution[?]

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

We must first consider the timeliness of Appellant's PCRA petition because it implicates the authority of this court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on August 9, 1996, 90 days after our Supreme Court denied Appellant's "Petition for Leave to File Allocatur ***Nunc Pro Tunc***" and the time for seeking discretionary review with the United States Supreme Court expired. ***See id.*** Accordingly, Appellant had until August 11, 1997[2] to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Appellant's instant petition, his sixth, was filed on January 4, 2023, more than 25 years too late, and is patently untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of

---

[2] August 9, 1997 fell on a Saturday.

the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, Appellant invokes the "newly-discovered facts" exception to the PCRA time-bar and argues that he is entitled to a new trial because the Commonwealth purportedly violated **Brady** by failing to disclose that one of the material witnesses who testified against him at his 1994 trial, Kevin Parker, received favorable treatment in exchange for his testimony. Appellant's brief at 7-9.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. **Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176

(Pa.Super. 2015) (citations and quotation marks omitted), ***appeal denied***, 125 A.3d 1197 (Pa. 2015).

Upon review, we discern no error on the part of the PCRA court in concluding that Appellant has failed to establish a violation under ***Brady*** sufficient to satisfy the newly-discovered facts exception. Our Supreme Court has recognized that "[t]he crux of the ***Brady*** rule is that due process is offended when the prosecution withholds material evidence favorable to the accused." ***Commonwealth v. Reid***, 259 A.3d 395, 420 (Pa. 2021) (citation omitted). A violation of ***Brady*** requires that the Commonwealth "intentionally withheld exculpatory evidence which was material to the issues to be tried or evidence which materially undermines the credibility of a key prosecution witness." ***Commonwealth v. Mulholland***, 702 A.2d 1027, 1033 (Pa. 1997).

Here, Appellant fails to set forth any "new facts" in support of Section 9545(b)(1)(ii) claim, but rather relies on his unfounded belief that the Commonwealth committed a ***Brady*** violation because witness Parker was never charged with a firearms violation. ***See*** Appellant's brief at 7 (stating, "[t]he agreement not to charge Mr. Parker with a [firearms] offense has never been made a part of the public record. In fact, as of this date, the Commonwealth continues its suppression of the fact that would establish such an agreement."). As recognized by the PCRA court, "Appellant's deduction that [Parker] received undisclosed consideration for his testimony is speculative at best." Trial court opinion, 6/5/23 at 4. Moreover, Appellant's

PCRA petition fails to explain why he did not raise this issue at the time of his 1994 jury trial or in the nearly two decades that followed it, nor "what due diligence Appellant exercised to obtain the information which formed the basis of his assertion." *Id.*

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's sixth petition as untimely and affirm its March 7, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/1/2023